UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RIGOBERTO CHO-CRUZ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY
DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-04019-DAD-JDP

ORDER ADOPTING FINDING AND
RECOMMENDATIONS

(Doc. Nos. 1, 8)

Petitioner Rigoberto Cho-Cruz is a federal immigration detainee *pro se* with a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On June 11, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's habeas petition be granted and that petitioner be ordered immediately released from custody. (Doc. No. 8.) Specifically, the magistrate judge concluded that the government unlawfully detained pursuant to § 1225(b) and that the appropriate remedy is his immediate release. (Doc. No. 8 at 2–7.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 7.)

/////

1

On June 17, 2026, respondents filed objections to the pending findings and recommendations.  (Doc. No. 9.)  Therein, respondents argue that petitioner's detention is properly governed by 8 U.S.C. § 1225(b) (*Id.* at 1), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents also argue that the appropriate remedy is the granting of a bond hearing and that the magistrate judge improperly considered whether petitioner is a danger to the community or a flight risk in recommending his release.  (Doc. No. 9 at 1–2.)  Respondents appear to misunderstand the magistrate judge's finding.  The magistrate judge determined that the government's failure to provide petitioner with a statutorily required bond hearing after months of detention violated his due process rights such that the subsequent provision of a bond hearing "is constitutionally insufficient."  (Doc. No. 8 at 6–7.)  Respondents' objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1.    The findings and recommendations filed on June 11, 2026 (Doc. No. 8) are ADOPTED IN FULL;

2.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

a.    Respondents are ORDERED to immediately release petitioner Rigoberto Cho-Cruz, A-File No. 240-398-082, from respondents' custody;

b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

3.    The Clerk of Court is directed to serve the California City Detention Facility with a copy of this order; and

4.    The Clerk of Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:    **June 18, 2026**                    _____
                                                DALE A. DROZD
                                                UNITED STATES DISTRICT JUDGE

3