UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO CHO-CRUZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No.  1:26-cv-04019-DAD-JDP<br><br>ORDER DENYING MOTION TO CLARIFY INJUNCTION<br><br>(Doc. No. 12) |

On June 22, 2026, the court adopted the assigned magistrate judge's findings and recommendations in part and enjoined respondents from re-detaining petitioner "absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge[.]"  (Doc. No. 10 at 2.)  On June 22, 2026, respondent filed a motion to clarify that injunction arguing that if hypothetically petitioner were to be ordered removed in the future the court's order "may conflict" with mandatory detention pursuant to 8 U.S.C. § 1231(a)(2). (Doc. No. 12 at 1.)  As the court has previously explained in other cases, respondent's request for clarification is premature because whether petitioner will be ordered removed is unknown and may not occur at all.  *Singh v. Chestnut*, No. 1:26-cv-01867-DAD-CSK, 2026 WL 1697065, at *1 (E.D. Cal. June 11, 2026) ("A court ordinarily ought not resolve issues involving contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal

1

quotation marks omitted).  For the reasons explained above, the court DENIES respondent's motion to clarify (Doc. No. 12.)

IT IS SO ORDERED.

Dated:   **June 23, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2